U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

SEP 28 2016

TONY R. MOORE, CLERK
BY _____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JAMARIO KATO, <br> Petitioner | CIVIL ACTION NO. 1:15-CV-02585; <br> SEC. P |
| VERSUS | CHIEF JUDGE DRELL |
| N BURL CAIN, <br> Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2254) filed by *pro se* Petitioner Jamario Kato ("Kato") (#595850), proceeding *in forma pauperis*, on October 23, 2015. (Doc. 1). Kato attacks his 2012 second degree murder and armed robbery convictions.

I. Background

The facts of this case as set forth by the Louisiana Third Circuit Court of Appeal are:

> Defendant, Jamario Kato, and Dominique Sibley met Darious Rogers at an apartment complex in Natchitoches Parish and discussed robbing the victim, Tremaine Jackson. Rogers handed them a "bar" of Xanax on behalf of the victim, who had been selling the drug. Rogers then returned upstairs to the apartment of the victim's girlfriend and handed the victim the three dollars he had received from Sibley. The victim was irritated because he was selling the Xanax for five dollars per bar. Rogers claimed to have been robbed. The victim walked outside in an effort to get the rest of the money with Rogers right behind him.
>
> The victim leaned over the balcony and told Kato and Sibley that he needed the rest of the money. They began running up the stairs, cursing and telling the victim to "give it up." The victim did not respond favorably, and Sibley shot him three times, killing him.

State v. Kato, 2012-1356 (La. App. 3 Cir. 5/15/13), 157 So.3d 695. Rogers testified at Kato's trial. (Doc. 16, pp. 27-28/58). Rogers had pleaded guilty to the charge of manslaughter roughly two weeks prior to his testimony. (Id.). The trial court sentenced him to life imprisonment for second degree murder and ten years at hard labor for attempted armed robbery.

The convictions were affirmed on appeal. Kato, 157 So.3d at 697. Kato did not seek further review in the Louisiana Supreme Court or the United States Supreme Court.

Kato filed an application for post-conviction relief in the Tenth Judicial District Court on March 24, 2014. The application was denied on April 11, 2014. (Doc. 1, p. 25-27). A timely writ application was filed seeking supervisory review, and the appellate court denied writs on May 15, 2014. (Doc. 1, p. 39). The Louisiana Supreme Court denied writs on September 25, 2015. (Doc. 1, p. 50).

In his § 2254 petition, Kato raises the claim of prosecutorial misconduct that was raised in post-conviction review. (Doc. 7).

II. Law and Analysis

    A. Standard of review.

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall be considered only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. See 28 U.S.C. § 2254(a).

Under 28 U.S.C. § 2254, habeas relief is not available to a state prisoner with respect to a claim that was adjudicated on the merits in the state court proceedings

2

unless the adjudication of the claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Therefore, pure questions of law and mixed questions of law and fact are reviewed under Section 2254(d)(1), and questions of fact are reviewed under Section 2254(d)(2). See Martin v. Cain, 246 F.3d 471, 475-76 (5th Cir.), cert. den., 534 U.S. 885 (2001), and cases cited therein.

A decision is "contrary to" clearly established Federal law "if the state court arrives at a conclusion opposite to that reached by . . . [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." Dowthitt v. Johnson, 230 F.3d 733, 740–41 (5th Cir.2000) (quoting Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000)). "The 'contrary to' requirement refers to holdings, as opposed to the dicta, of . . . [the Supreme Court's] decisions as of the time of the relevant state-court decision." Id. at 740. Under the "unreasonable application" clause, a federal habeas court may grant the writ only if the state court "identifies the correct governing legal principle from . . . [the Supreme Court's] decisions but unreasonably applies the principle to the facts of the prisoner's case." Id. at 741. Section 2254(d)(2) speaks to factual determinations made by the state courts. Federal courts presume such determinations to be correct; however, a petitioner can rebut this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

3

### B. Prosecutorial misconduct.

Kato contends that his convictions were obtained in violation of the United States and Louisiana Constitutions because they involved prosecutorial misconduct. Specifically, he alleges that the prosecution failed to disclose that Darious Rogers had been coerced and threatened by retired Police Chief Melvin Holmes, who was the uncle of the victim.

While the State may "prosecute with earnestness and vigor," it still must "refrain from improper methods calculated to produce a wrongful conviction . . ." United States v. Young, 470 U.S. 1, 7 (1985) (quotation omitted). "It is well settled that the State is not permitted to present false evidence or allow the presentation of false evidence to go uncorrected." Moody v. Johnson, 139 F.3d 477, 484 (5th Cir. 1998). "To establish a due process violation based on the government's use of false or misleading testimony, a petitioner must show (1) that the witness's testimony was actually false, (2) that the testimony was material, and (3) that the prosecution knew the witness's testimony was false." Fuller v. Johnson, 114 F.3d 491, 496 (5th Cir. 1997).

Kato offers no evidence to support his claim, and instead makes only unsupported allegations of improper conduct in his pleadings. "A court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . mere conclusory allegations do not raise a constitutional issue in a habeas proceeding." Smallwood v. Johnson, 73 F.3d 1343, 1351 (5th Cir. 1996) (quoting Ross v. Estelle, 694 F.2d 1008 (5th Cir. 1983). In his petition, Kato states that he would only reveal the names of individuals who would support his claim upon order of the

4

court. He suggests that those individuals would be subject to "illegal interrogations and threats by both the prosecution and members of the Natchitoches Parish Police Department." (Doc. 1, p. 22/132).

Due to the lack of evidence, Kato makes no such showing that prosecutorial misconduct resulted in a due process violation. In his petition, Kato states that the only evidence presented at trial against Kato was the uncorroborated testimony of Rogers and that Rogers later recanted his testimony after Kato's appeal was denied. In support of this claim, Kato attached an unsworn affidavit allegedly from Rogers to his petition.

Although Rogers' testimony was certainly material, the record fails to demonstrate that he provided false testimony at trial. Furthermore, Rogers' testimony and a sufficiency of the evidence argument was examined and denied on appeal. Kato complained that his convictions rested upon "the uncorroborated and illogical testimony of a drugged-out convicted felon." The Louisiana Third Circuit Court of Appeal had found that Kato's argument lacked merit and that, during trial, the jury had been made aware that Rogers initially lied to police but found his testimony at trial regarding the offense credible. Further, while Rogers was the only eyewitness at trial, Rogers' testimony was not uncorroborated. See State v. Kato, 2012-1356 (La. App. 3 Cir. 5/15/13), 157 So.3d 695, 700.

Kato has not shown that the witness's testimony was actually false, that the testimony was material, and that the prosecution knew the witness's testimony was false. Mere allegations are insufficient. As Kato has failed to provide evidence or factual support for his claim, his claim is without merit.

5

### III. Conclusion

Based on the foregoing, IT IS RECOMMENDED that Kato's petition for issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be DENIED and DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 28th day of September, 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge